ACCEPTED
01-15-00019-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/26/2015 10:52:24 AM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00019-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/26/2015 10:52:24 AM
CHRISTOPHER A. PRINE
Clerk

IN THE
COURT OF APPEALS
FOR THE
FIRST DISTRICT OF TEXAS

In Re
CHARLES S. IUPE, JR.,
*Relator.*

Original Proceeding on Petition for Writ of Habeas Corpus
from the Harris County, Texas Probate Court Number Three (3)
Hon. Rory R. Olsen, Presiding, Trial Court Cause No. 417,216

RELATOR'S SUPPLEMENT TO PETITION
FOR WRIT OF HABEAS CORPUS

Howard M. Reiner
Texas Bar No. 16754780
problaw@aol.com
Howard M. Reiner & Associates
3410 Mercer Street
Houston, Texas 77027
Tel: (713) 963-8004
Fax: (713) 963-8044

Jonathan S. Stoger
Texas Bar No. 00797504
jstoger@stogerlaw.com
The Stoger Law Firm
2301 Morse
Houston, Texas 77019
Tel: (713) 522-2848
Fax: (713) 522-1120

*Attorneys for Relator*

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

Relator, Charles S. Iupe, Jr., files this supplement to his Petition for Writ of Habeas Corpus to address evidence included in his supplemental record.

## I. <u>Background of the Case</u>

The trial court found Iupe in criminal contempt on December 18, 2014 for allegedly failing to attend an October 9, 2014 contempt hearing. As highlighted in Iupe's original habeas corpus petition, the constitutional defect with this process is that he was never charged by the court with failure to appear at the October hearing, no show cause orders were ever issued or personally served on him on the charge, and no hearing was ever held on the charge. The October 9 contempt hearing was to address Iupe's alleged failure to submit to a mental examination, not to address his alleged failure to attend the October 9 hearing. Since failure to appear, even for a contempt hearing, is constructive contempt and requires notice of the failure to appear charge and a subsequent hearing on the charge, then Iupe's due process rights were violated by summarily holding him in contempt in December without hearing.

## II. <u>Additional Evidence</u>

Iupe was arrested on January 7, 2015 pursuant to the contempt judgment and incarcerated in the Harris County Jail. To attempt to secure his release on bond, the

habeas corpus petition had to be prepared on an emergency basis.[1] The Writ of Commitment had not been returned yet and the court reporter's record from the October 9, 2014 hearing could not be secured. Since that time, the Writ has been returned and the court reporter's record has been prepared, and both are included in a supplemental record.[2]

### III. The October 9, 2014 Court Reporter's Record

There was never a hearing on the charge of failure to appear at the October 9, 2014 setting, so there is no court reporter's record on the charge. The October 9, 2014 hearing was to consider contempt for alleged failure to submit to the mental examination only. The court reporter's record from the October 9 hearing is likely immaterial to this petition but has been obtained anyway. It is 27 pages long and reflects the court's determination that Iupe was not present, rulings on various items of evidence, telephone testimony of the psychiatrist appointed to examine Iupe, and specific argument by Iupe's attorney-ad-litem, Howard M. Reiner, as to why Iupe could not be held in contempt for alleged failure to submit to the mental examination or alleged failure to appear in court.[3]

---

[1] Iupe has since posted the required bond in cash and has been released from jail.

[2] Certified copies of other court papers are also included in the supplemental record along with an affidavit of counsel attesting that all papers are authentic and certifying that no show cause orders were issued on the failure to appear charge and no hearings were ever held on the charge.

[3] The court claimed that everyone stipulated that Iupe was not present, but there is nothing in the record to indicate that Iupe's counsel made such a stipulation. (Supplemental Record Item 1 [RR 6:13-15]).

Specifically, as to contempt for alleged failure to submit to the mental examination, Mr. Reiner argued:

> But what is interesting is there is no specific provision as to this situation [in the Estates Code]. However, in the Texas Rules of Civil Procedure, under 215.26, it specifically says that the Court cannot hold somebody in contempt for failing to get examined.
>
> And so the issue I have is since there is no specific – since there is no specific statute, I think the Texas Rules of Civil Procedure would control in this instance.

(Supplemental Record Item 1 [RR 17:16-24]).

As to possible contempt for failure to appear in court, Mr. Reiner argued:

> Specifically, the order [for show cause to appear at the October 9 hearing] that he was served with says: Show cause, if any, why he should not be held in contempt for failure to appear for an independent mental exam as ordered by the Court on May 20th, directing him to undergo an independent medical exam.
>
> If, in fact, he was going to be held in contempt for his failure to appear at the last hearing, he should have been apprised of that in a separate motion.

(*Id.* [RR 25:12-21]).

The court closed the hearing by asking counsel to submit briefing. (*Id.* [RR 26:15-20]). The court did not hold Iupe in contempt for alleged failure to submit to the mental examination and has not done so subsequently.

The October 9 hearing should not have proceeded at all in the alleged absence of Iupe. When an alleged contemnor fails to appear for a contempt hearing, the court is not at liberty to proceed forward and conduct a trial *in*

3

*absentia. Ex parte Johnson*, 654 S.W.2d 415, 420-22 (Tex. 1983). Instead, the alleged contemnor must be brought to court before the hearing may commence. *Id.* So, upon determining that Iupe was not present, the court should have adjourned proceedings until Iupe could be brought in. Everything that followed was error and violated Iupe's rights.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Relator, Charles S. Iupe, Jr., prays that his Petition for Writ of Habeas Corpus be granted in all things and that a Writ of Habeas Corpus be issued, that the original and nunc pro tunc contempt judgments and orders of commitment be declared null and void, that he be ordered permanently discharged from custody and that the fine imposed against him be remitted and cancelled, that he be discharged from bond and that his cash bond money be ordered returned, and that he be granted his costs and any further relief that he is entitled to.

Respectfully submitted,

*/s/ Howard M. Reiner*
Howard M. Reiner
Texas Bar No. 16754780
problaw@aol.com
Howard M. Reiner & Associates
3410 Mercer Street
Houston, Texas 77027

*/s/ Jonathan S. Stoger*
Jonathan S. Stoger
Texas Bar No. 00797504
jstoger@stogerlaw.com
The Stoger Law Firm
2301 Morse
Houston, Texas 77019

4

| Tel: (713) 963-8004 | Tel: (713) 522-2848 |
| --- | --- |
| Fax: (713) 963-8044 | Fax: (713) 522-1120 |

| Attorney-ad-Litem for | Co-Counsel with Attorney-ad- |
| --- | --- |
| Relator Charles S. Iupe, Jr. | Litem for Relator Charles S. Iupe, Jr. |

## **CERTIFICATION**

I, attorney-ad-litem for Relator, Charles S. Iupe, Jr., certify that I have reviewed this supplement to petition and concluded that every factual statement in this supplement is supported by competent evidence included in the appendix, original record, or supplemental record.

*/s/ Howard M. Reiner*
Howard M. Reiner

## **CERTIFICATE OF COMPLIANCE**

I certify that this document contains 1046 words, as measured by the word count feature in Microsoft Word 2013, and was prepared in Times New Roman font with 14-point print.

*/s/ Howard M. Reiner*
Howard M. Reiner

## CERTIFICATE OF SERVICE

I certify that on January 23, 2015, I served a true and correct copy of this Supplement to Petition on all parties and counsel, as reflected below, via e-service through efile.txcourts.gov.

/s/ Howard M. Reiner
Howard M. Reiner

Darlene Payne Smith
dsmith@craincaton.com
Courtney McMillan Lyssy
clyssy@craincaton.com
Crain, Caton & James, P.C.
1401 McKinney Street, Suite 1700
Houston, Texas 77019
Tel: (713) 658-2323
Fax: (713) 658-1921

Attorneys for Real Party-in-Interest
Michael J. Iupe

Fatima Breland
fbreland@sbcglobal.net
The Breland Law Firm
2726 Bissonnet Street, No. 240-194
Houston, Texas 77005
Tel: (713) 661-1335
Fax: (713) 660-9264

Guardian-ad-Litem for Relator
Charles S. Iupe, Jr.

Hon. Rory Olsen, Presiding Judge
Harris County Probate Court Number Three
201 Caroline, 7th Floor
Houston, Texas 77002
(Via e-filing with County Clerk)